**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**OTHA BENSON,
ADC #101648**                                                                              **PLAINTIFF**

**V.**                 **CASE NO. 5:19-CV-338-KGB-BD**

**DORALEE CHANDLER,** *et al*.                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Mr. Benson may file written objections to this Recommendation if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Benson may waive any right to appeal questions of fact.

**II.**     **Discussion:**

A. Background

Otha Benson, an Arkansas Department of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Benson alleges that Doralee Chandler, General Counsel for the Arkansas State Crime Laboratory (ASCL), and Wendy Kelly, former Director of the

ADC, forwarded his ASCL's case file to James DePreist, an ADC Assistant Director, rather than first providing the file to him. Mr. Benson explains that such conduct was in direct violation of a state court order requiring the ASCL to send him information concerning blood tests (if any) relevant to his 2003 state criminal conviction.

According to Mr. Benson, he eventually received a copy of his ASCL file on November 30, 2017. He alleges, however, that Defendant Straughn had opened and tampered with the file before he had the opportunity to review it. He further alleges that certain evidence was missing from the file when he received it.

    B.  Standard

Before ordering service of process, federal courts must first review prisoner complaints that seek relief from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). After assessing such a complaint, the Court must dismiss claims that fail to adequately state a claim for relief. 28 U.S.C. § 1915A(b). As explained below, Mr. Benson's complaint should not move forward because his allegations, even if true, fail to state federal claims for relief.

    C.  Access to Courts Claim

Mr. Benson repeatedly asserts that Defendants violated his right to access the courts. Even if this is true, impeding an inmate's access to the courts, standing alone, does not add up to a constitutional violation. To state a claim for denial of the right to access the courts, a plaintiff must plead facts showing not only that the defendant prevented him from litigating a claim, but also, that this misconduct caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To show

an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or . . . impeded." *Id*. Here, Mr. Benson has not alleged any actual injury to support his claim.

Mr. Benson also claims that Defendant Straughn violated his rights by opening his legal mail outside his presence. In this case, however, the correspondence that Mr. Benson identifies as legal mail was not, in fact, privileged legal mail. The fact that mail from the crime laboratory was opened outside Mr. Benson's presence is not conduct that violated the constitution. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) (privileged prisoner mail is mail to or from an inmate's attorney and identified as such).

Furthermore, even if there were an isolated instance of interference with Mr. Benson's legal mail, one occurrence would not support a constitutional claim for relief—that is, unless there was evidence of an improper motive or if the occurrence interfered with the right to counsel or the right to access to the courts. *Gardner v. Howard*, 109 F.3d 427, 430-431 (8th Cir. 1997). Here, Mr. Benson's allegations to do not indicate that he lost a specific claim in a legal proceeding because of Defendant Straughn's alleged interference.

Finally, a defendant's violation of a state court order generally will not support a federal claim for relief. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)) and *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992)(even a "bad faith violation of state law remains only a violation of state law").

D.   Other Claims

In his complaint, Mr. Benson also states, in conclusory fashion, that Defendants violated his due process rights, as well as his rights guaranteed by the fifth, eighth, and thirteenth amendments. Mr. Benson does not include any facts to support a claim under any of these amendments.

### III.   Conclusion:

The Court recommends that Mr. Benson's claims be DISMISSED, without prejudice. The Court further recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that Judge Baker certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED, this 6th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE