THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

OTHA BENSON, ADC #101648                                                              PLAINTIFF

v.                                    Case No. 5:19-cv-00338-KGB

DORALEE CHANDLER, General Counsel, State Crime Lab, *et al.*            DEFENDANTS

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere on November 6, 2019 (Dkt. No. 4). In her Recommended Disposition, Judge Deere recommends that plaintiff Otha Benson's claims be dismissed without prejudice. On November 19, 2019, Mr. Benson filed a motion for extension of time to file an amended complaint, which the Court construes as an objection to Judge Deere's Recommended Disposition (Dkt. No. 5). On November 20, 2019, Mr. Benson filed a motion to assign new judge (Dkt. No. 6). On December 5, 2019, Mr. Benson filed a response to the Recommended Disposition, which the Court also construes as an objection (Dkt. No. 7). On February 10, 2020, Mr. Benson filed a motion for status update (Dkt. No. 8). After careful consideration of the Recommended Disposition, Mr. Benson's motions, and a *de novo* review of the record, the Court adopts the conclusion reached by Judge Deere in the Recommended Disposition.

     I.     **Motion To Assign A New Judge**

The Court will first address Mr. Benson's motion to assign new judge (Dkt. No. 6). Mr. Benson requests that "he be assigned a new judge to his civil complaint due to bias and conflict of interest in Judge Baker." (*Id.*, ¶ 1.) Mr. Benson requests that I recuse from this case because I denied a petition for writ of *habeas corpus* that Mr. Benson filed in this Court in 2014. *See Benson v. Hobbs*, No. 5:14-cv-00050-KGB (E.D. Ark. Mar. 31, 2015). Insofar as Mr. Benson's only

argument for recusal is that I previously ruled against him, Mr. Benson's motion to assign new judge is denied (Dkt. No. 6). *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."); *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal.").

## II. Objections To Recommended Disposition

The Court writes separately to address Mr. Benson's objections. Mr. Benson is currently incarcerated in the East Arkansas Regional Unit of the Arkansas Department of Corrections in Brickeys, Arkansas (Dkt. No. 2, at 4). Mr. Benson objects to Judge Deere's Recommended Disposition, alleging that he has documentation that shows that employees at the Arkansas State Crime Laboratory tampered with and contaminated his DNA sample (Dkt. No. 5, ¶¶ 1–4). Claiming that the newly-discovered evidence will "exonerate him of his criminal conviction," Mr. Benson requests a six-month extension of time to file an amended complaint under 42 U.S.C. § 1983 (*Id.*, ¶ 8).

The details of Mr. Benson's criminal conviction, direct appeal, and unsuccessful first 28 U.S.C. § 2254 petition for writ of *habeas corpus* are set out in the record in his habeas case. *See Benson*, No. 5:14-cv-00050-KGB. The Court understands that the allegations Mr. Benson makes here relate to that same criminal conviction.

Without commenting on the merits of the allegations in the instant motion filed by Mr. Benson for an extension of time to amend his complaint, the Court finds that the claims Mr. Benson proposes raising in an amended complaint would be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), as a judgment in Mr. Benson's favor on such claims would "necessarily imply" the invalidity of his criminal conviction. In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87 (footnote omitted).

Here, each of the claims that Mr. Benson proposes raising in an amended complaint alleging § 1983 claims, if successful, would "necessarily imply" the invalidity of Mr. Benson's conviction or sentence. As such, and because Mr. Benson has not alleged that his conviction or sentence has already been invalidated, his proposed claims would be barred by the *Heck* doctrine. Because the Court determines that the claims Mr. Benson proposes asserting in an amended complaint would be barred by the *Heck* doctrine and futile, the Court denies Mr. Benson's motion for a six-month extension of time to file an amended complaint. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (stating that futility is a valid basis for denying leave to amend).[1]

### III. Conclusion

---

[1] In his original complaint, Mr. Benson asserts a denial of his constitutional right of access to the courts. That claim is *not* barred by the *Heck* doctrine, as success on the merits of the claim would not "necessarily imply" the invalidity of Mr. Benson's conviction or sentence. Rather, Mr. Benson's access-to-courts claim is dismissed for the reasons discussed by Judge Deere in her Recommended Disposition. There is no evidence that Mr. Benson was denied access, as evidenced by his filings, nor is there a claim or evidence of injury.

Accordingly, the Court denies Mr. Benson's motion to assign a new judge (Dkt. No. 6). The Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 4). The Court dismisses without prejudice Mr. Benson's complaint. The Court denies Mr. Benson's motion for a six-month extension of time to file an amended complaint (Dkt. No. 5). The Court denies as moot Mr. Benson's motion for status update (Dkt. No. 8). Dismissal of this action constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g). Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order and Judgment entered in this case would not be taken in good faith.

It is so ordered this 13th day of February, 2020.

Kristine G. Baker
United States District Judge